IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANGELE MARCO HENDRICKSON,   )
             )
      Plaintiff,  )
             )
v.             )   Case No. CIV-05-779-T
             )
JAN REEDER, et al.,     )
             )
      Defendants. )

**O R D E R**

   This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Couch recommends the Complaint be dismissed without prejudice to refiling based on Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

   Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. Specifically, Plaintiff alleges that he was incarcerated for 87 days after he was granted parole. Defendants are the records administrators and warden at the private prison where he was then confined, Cimarron Correctional Facility, and a records administrator and director of the Oklahoma Department of Corrections. All Defendants have filed motions to dismiss under Fed. R. Civ. P. 12(b)(6)b for lack of administrative exhaustion, among other things.

Plaintiff's sole claim of error in the Report is Judge Couch's statement: "Plaintiff does not expressly request leave to amend the Complaint to include allegations regarding the exhaustion requirement." (Report & Recomm. at 6.) Plaintiff points out that he did, in fact, file a motion to amend his Complaint on January 19, 2006, while Defendants' motions were pending, to add allegations concerning his November, 2003, requests to staff and his December, 2004, grievance. Judge Couch denied the motion on February 2, 2006, the same day Plaintiff filed a response to the dismissal motion of Defendants Ward and Cubit. However, any erroneous statement concerning the procedural history of the case did not affect Judge Couch's legal analysis, which included relevant facts shown by the administrative materials submitted. (Report & Recomm. at 6, n.5.) Further, Judge Couch considered factual allegations contained in Plaintiff's response briefs; she accurately recited in her Report substantially the same factual allegations concerning Plaintiff's administrative efforts that he sought to add by amendment of his pleading. (Report & Recomm. at 8-9 & n.7.) Thus, the Court finds that Plaintiff was, in effect, permitted to amend his factual allegations concerning administrative exhaustion and that the alleged error in the Report is harmless.

Plaintiff states no other specific objection to Judge Couch's analysis but merely requests an evidentiary hearing "on the matters of fact and matters of law surrounding the issues of this case." (Pl.'s Objection at 2.) Plaintiff does not identify any particular factual or legal issue on which a hearing is needed, and the Court finds none. The Court also finds that Plaintiff has waived further review of all other issues addressed in the Report by his failure to make a timely, specific objection to any other factual or legal matter. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (requiring specific objection to preserve an issue for appellate review); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

2

Further, upon independent consideration of the record, the Court finds Judge Couch's analysis to be correct.  Plaintiff's claims are subject to the Prison Litigation Reform Act and its precondition to suit regarding prison conditions that "such administrative remedies as are available [must be] exhausted."  42 U.S.C. § 1997e(a).  An inmate must fully exhaust his administrative remedies by completing the entire available grievance process. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  The Act requires an inmate to plead specific exhaustion information, and "[i]n deciding a Rule 12(b)(6) motion based on exhaustion, the court may consider the attached administrative materials."  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211-12 (10th Cir. 2003). The Act also imposes a "total exhaustion" requirement, meaning an action must be dismissed if the complaint includes an unexhausted claim. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004).  Application of these principles to the facts of this case leads the Court to conclude that the Complaint must be dismissed for failure to exhaust administrative remedies.

For these reasons, the Court ADOPTS the Report and Recommendation [Doc. 45] and GRANTS Defendants' motions to dismiss [Docs. 21, 26] for lack of administrative exhaustion. This action will be dismissed without prejudice to refiling.

IT IS SO ORDERED this 20th day of June, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE