**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANGELE MARCO HENDRICKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-779-SLP |
| JAN REDER, et al., | ) | |
| Defendants. | ) | |

**<u>O R D E R</u>**

Before the Court is Plaintiff's pro se Motion to Reopen Case and Reinstate Judicial Proceedings [Doc. No. 54]. Plaintiff relies on Rule 60(b) of the Federal Rules of Civil Procedure in support of his requested relief.

In July 2005, Plaintiff filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. *See* Compl. [Doc. No. 1]. At that time, Plaintiff was a prisoner in the custody of the Oklahoma Department of Corrections (ODOC).[1] On June 20, 2006, the Court dismissed his Complaint on grounds that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See* Order and Jdt. [Doc. Nos. 49-50]. At the time the Judgment was entered, Plaintiff was incarcerated at the Howard McLeod Correctional Center.

Approximately six months later, in January 2007, Plaintiff filed a Notice of Change of Address [Doc. No. 51]. He stated in that Notice that on January 12, 2007 he had been

[1] It appears that Plaintiff has discharged the sentence for which he was in ODOC custody. His pending Motion identifies as his current address the Johnson County Detention Center in Cleburne, Texas.

transferred to the Union City Work Center. *See id*. In November 2007 and January 2008, Plaintiff filed two additional Notices of Change of Address. *See* Doc. Nos. 52 and 53, respectively. In the January 2008 Notice, he requested "a docket sheet containing all proceedings which have taken place to date[.]" *See* Notice [Doc. No. 53]. The docket does not reflect that any docket sheet was provided to Plaintiff.

For almost seventeen years, Plaintiff has made no further filing submissions in this case. He asks the Court to "reopen and reinstate this case" and that he be provided "a copy of the documents filed in this case and a current docket sheet." *See* Mot. at 3.

Plaintiff does not specify which provision of Rule 60(b) he invokes. Any request under Rule 60(b)(1)-(3) is untimely. *See* Fed. R. Civ. P. 60(c)(1) (imposing requirement that a motion be filed within one year after the entry of judgment). His Motion does not allege the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). Nor does he allege any of the grounds for relief set forth in Rule 60(b)(5). *See id*., Fed. R. Civ. P. 60(b)(5) (i.e., "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable").

The only provision of Rule 60(b) Plaintiff could arguable rely upon is Rule 60(b)(6) which provides for relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But even this provision requires a motion be filed "within a reasonable time."

Plaintiff states he did not receive notice of his dismissal "and only became aware of the order by recently conducting legal research via LEXIS NEXIS." Mot. at 2, ¶ 10.

Nothing in the Court's docket shows that the Order and Judgment were returned as undeliverable. Plaintiff states that beginning in 2009 he received a federal sentence and was incarcerated in the custody of the Federal Bureau of Prisons. But he does not explain why he could not have taken any action in this case during that period of incarceration.

Plaintiff's delay of nearly seventeen years from the time of his last filing with the Court is not a reasonable time. *See Myzer v. Bush*, 750 F. App'x 644, 647-48 (10th Cir. 2018) (finding fourteen year delay in moving for relief under Rule 60(b)(6) was not reasonable notwithstanding the plaintiff's "general reference to being incapacitated between the time of the 2004 Order and his motion" and collecting cases finding eight, eleven, twelve and thirteen year delays unreasonable). Moreover, Plaintiff fails to articulate why he did not make further inquiry of his case at any time throughout the passage of this substantial period of time. Thus, Plaintiff has failed to present "sufficient justification for the delay." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005); *see also Myzer*, 750 F. App'x at 647-48. Accordingly, Plaintiff's Motion to Reopen Case and Reinstate Judicial Proceedings is DENIED.

IT IS SO ORDERED this 26th day of November, 2024.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**